**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, | No. 13-17408 |
| | D.C. Nos.   3:10-cv-04572-SI |
| BEST BUY CO., INC.; et al., | 3:07-md-01827-SI |
| Plaintiffs - Appellees, | MEMORANDUM[*] |
| v. | |
| HANNSTAR DISPLAY CORPORATION, | |
| Defendant - Appellant. | |

| | |
|---|---|
| In re: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION, | No. 13-17618 |
| | D.C. Nos.   3:10-cv-04572-SI |
| BEST BUY CO., INC.; et al., | 3:07-md-01827-SI |
| Plaintiffs - Appellants, | |
| v. | |
| HANNSTAR DISPLAY CORPORATION, | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant - Appellee.

In re: TFT-LCD, (Flat Panel) Antitrust Litigation,

BEST BUY CO., INC.; et al.

Plaintiffs - Appellants,

v.

HANNSTAR DISPLAY CORPORATION,

Defendant - Appellee.

No. 14-16144

D.C. Nos.  3:10-cv-04572-SI
           3:07-md-01827-SI

Appeals from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted December 11, 2015
San Francisco, California

Before: GRABER and WARDLAW, Circuit Judges, and MÁRQUEZ,[**] District Judge.

After a six-week trial, a jury found HannStar Display Corp. ("HannStar")

liable to Best Buy Co., Inc. and several of its subsidiaries (collectively, "Best

---

[**] The Honorable Rosemary Márquez, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

2

Buy") for antitrust violations under federal and Minnesota law, and awarded damages, fees, and costs.[1] HannStar appeals the district court's denial of its post-trial motion for judgment as a matter of law. Best Buy cross-appeals the district court's partial summary judgment allowing HannStar to present a pass-through defense to its indirect purchaser claim under Minnesota law. Best Buy also appeals the district court's order awarding attorney's fees and costs. We affirm in all respects.

1.      HannStar contends the special verdict did not set forth factual findings that would bring HannStar's foreign conduct within the reach of American antitrust law, and even if it did, these findings are not supported by substantial evidence. We disagree. We review de novo the district court's denial of judgment as a matter of law. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). We review the verdict for substantial evidence, which is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id.* (internal quotation marks omitted).

The Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"), 15 U.S.C. § 6a, "lays down a general rule placing *all* (nonimport) activity involving

_____

[1]      We consolidate Appeals No. 13-17408, 13-17618, and 14-16144 for purposes of disposition.

foreign commerce outside the Sherman Act's reach." *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 162 (2004). It permits the Sherman Act to reach conduct with a "direct, substantial, and reasonably foreseeable effect" on "trade or commerce which is not trade or commerce with foreign nations, or on import trade or import commerce with foreign nations." 15 U.S.C. § 6a(1).

We read the special verdict form completed by the jury to include a finding that HannStar's foreign conduct had a direct, substantial, and reasonably foreseeable effect on import commerce.[2] The jury found that HannStar participated in a conspiracy involving "TFT-LCD panels and/or finished products . . . imported into the United States," and that this conspiracy "produced substantial intended effects in the United States."[3] The jury necessarily found that this conduct had a "direct" effect when it awarded damages based on special verdict questions 8 and 9 and the corresponding instructions, which allowed it to compensate Best Buy for

---

[2] Thus, it is not necessary to reach Best Buy's arguments that the judgment may be affirmed on the alternative grounds that HannStar's conduct satisfied the import commerce exclusion to the FTAIA, or that the FTAIA does not apply to claims under Minnesota law.

[3] Although the jury also found that the conspiracy did not involve conduct with a "direct, substantial and reasonably foreseeable effect on trade or commerce in the United States," this does not speak to the jury's findings regarding effects on import commerce. In light of the jury instructions, the most natural understanding of "in the United States" is "wholly within the United States," i.e., in nonimport domestic commerce.

4

only that injury that was "a direct result or likely consequence of the conduct that you have found to be unlawful." The jury's findings were supported by substantial evidence, including the testimony of Best Buy executive Wendy Fritz and economic expert Douglas Bernheim, and the plea agreements and supporting documents from the prior criminal proceedings against HannStar and its co-conspirators. Thus, the district court did not err in denying HannStar's motion for judgment as a matter of law.

2.    HannStar also argues that the judgment should be set aside because the Best Buy entities did not present individualized evidence of antitrust injury-in-fact. Although the trial evidence of injury and damages did not distinguish between the parent corporation and its subsidiaries, any error attributable to the failure to apportion injury and damages was harmless. The antitrust injury experienced by the subsidiaries was necessarily experienced by the parent, and the apportionment of injury among the plaintiffs did not affect the amount or availability of relief. The district court did not err in denying HannStar's motion for judgment as a matter of law on this ground. *See* Fed. R. Civ. P. 61; *see also* 28 U.S.C. § 2111.

3.    The district court did not err in permitting HannStar to assert a pass-through defense to Best Buy's indirect purchaser claim under Minnesota law. The Minnesota Antitrust Law authorizes the court "[i]n any subsequent action" to "take

5

any steps necessary to avoid duplicative recovery against a defendant." Minn. Stat. § 325D.57. The Minnesota Supreme Court has construed this provision to "restore Minnesota antitrust law to its pre-*Illinois Brick* [*Co. v. Illinois*, 431 U.S. 720 (1977)] contours," which made available a pass-through defense to indirect purchaser claims. *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 634 (Minn. 2007) (citing *Alaska v. Standard Oil Co. of Cal.* (*In re W. Liquid Asphalt Cases*), 487 F.2d 191, 194–95, 200 (9th Cir. 1973)). The Minnesota cases on which Best Buy relies are distinguishable, as they concerned standing rather than the measure of damages. Under the circumstances presented, the district court properly permitted HannStar to assert a pass-through defense. Without it, there would have been a significant risk of duplicative recovery among Best Buy and other downstream indirect purchasers that sued or could sue HannStar.

4.     The district court did not improperly consider Best Buy's prior settlements with HannStar's co-conspirators in awarding attorney's fees to Best Buy under 15 U.S.C. § 15. The record makes clear that the district court, which adopted the analysis and calculations of the special master, reduced Best Buy's requested attorney's fees by approximately 80% based on the limited results Best Buy obtained at trial. This is a permissible basis on which to reduce an award of fees under 15 U.S.C. § 15. *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d

190, 221 (9th Cir. 1964). The award is therefore reviewed for abuse of discretion. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). Because Best Buy sought nearly $800 million in damages from HannStar, but the jury awarded it only $7.47 million before trebling and offset, the district court did not abuse its discretion in reducing the award of attorney's fees.

5.    The district court correctly ruled that Best Buy could recover no more than the federal limit of $40 per day per witness in expert witness fees. *See* 28 U.S.C. § 1821. The statutory title and equivocal case law advanced by Best Buy do not contain an "express indication" that Minnesota Statutes section 325D.57 creates a substantive entitlement to expert witness fees as an element of damages under Minnesota law. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1065–66 (9th Cir. 2003). Rather, section 325D.57 is a state procedural "expert witness cost provision[]," and so it is trumped by federal procedural law in this action. *Clausen*, 339 F.3d at 1064–65 (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1168 (9th Cir. 1995)). Therefore, the district court did not err in adopting the special master's recommended award of expert fees, which applied the federal limit set forth by 28 U.S.C. § 1821. *See Clausen*, 339 F.3d at 1064–65.

**AFFIRMED.**

7